ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN R. RHOADES (Cal. State Bar No.: 230463)
JEFF P. MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
         justin.rhoades@usdoj.gov
         jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S POSITION RE:</u> |
| v. | ) <u>SENTENCING OF DEFENDANT</u><br>) <u>GILBERT PADILLA</u> |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) SENTENCING DATE: **05/03/10** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant Gilbert Padilla. The United States respectfully recommends that the Court sentence defendant as follows: 60 months imprisonment to be followed by four years of supervised release.

The United States' position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: April 26, 2010          Respectfully submitted,

                                        ANDRÉ BIROTTE JR.
                                      United States Attorney

                                        CHRISTINE C. EWELL
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____/s/_____
                                        JUSTIN R. RHOADES
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On February 3, 2010, defendant Gilbert Padilla ("defendant") pled guilty to Count One of the First Superseding Indictment, charging him with a conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846.  Specifically, defendant admitted that he agreed to and did receive heroin from individuals associated with the Mendoza family heroin distribution organization, which is based in Mexico.  Plea Agreement ¶ 11.  Defendant regularly took delivery of heroin from co-defendant Amelia Mendoza, and others, and then sold the heroin for profit.  Id.

In furtherance of the conspiracy, on February 14, 2009, defendant received approximately 19.8 grams of heroin from co-defendant Gilberto Aguilar at an "El Super" market in East Los Angeles, at which time defendant attempted to hide the heroin in the gas tank of a car he was driving.  Id.  Defendant admitted that throughout his participation in the conspiracy, he knew that the substance he possessed and sold was heroin and that it was foreseeable that the conspiracy involved an agreement to distribute more than 100 grams of heroin.  Id.

**II.   THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on March 12, 2010.  The PSR calculated the total offense level as follows:

```
Base Offense Level    :    26    U.S.S.G. § 2D1.1(c)(7)
Acceptance of
Responsibility        :    -3    U.S.S.G. § 3E1.1
```

PSR ¶¶ 28-40. The PSR also calculated a criminal history category of II based on three criminal history points. PSR ¶¶ 42-63. The PSR calculated the guideline sentence to be 60-63 months of imprisonment[1], 4 years to life of supervised release, a mandatory special assessment of $100, and a fine between $10,000 and $2,000,000. PSR Guideline Summary.

### III. PROBATION OFFICE'S RECOMMENDATION

The United States Probation Office recommended the following sentence: a 60-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100. USPO Recommendation Letter. The Probation Officer found that defendant does not have the ability to pay a fine. Recommendation Letter at 1.

### IV. THE GOVERNMENT'S RECOMMENDATION

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence which is equivalent to the mandatory minimum sentence applicable to defendant.[2] Because of defendant's criminal history points, it does not appear that he is eligible for relief

---

[1] The technical range applicable to defendant is 51-63 months, but the five year mandatory minimum sentence raises that range to 60-63 months.

[2] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty. U.S.S.G. § 3E1.1(b).

pursuant to 18 U.S.C. § 3553(a)(1)(f). Accordingly, and as set forth herein, the United States respectfully recommends that defendant be sentenced to a 60-month term of imprisonment, followed by a 4-year term of supervised release, and a mandatory special assessment of $100. The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a).

### 1. The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Defendant conspired to distribute a significant quantity of heroin – he admitted conspiring to distribute between 100 and 400 grams – as part of an organization that distributed heroin in East Los Angeles for many years. His participation lasted at least several months and was not a one-time transaction. Defendant distributed the drug for profit and often used some of the heroin he had been provided.

In aggravation, defendant has a criminal history dating back to 1985. Few of his convictions actually generate points for the calculation of criminal history, suggesting that Category II may under-represent his criminal history.

In mitigation, defendant appears to have a serious substance abuse problem. PSR ¶¶ 86-88. Moreover, defendant took responsibility for his actions and appears interested in freeing himself from his drug problems by obtaining drug counseling while incarcerated. These factors counsel in favor of a sentence at the mandatory minimum of five years.

2.  <u>The Need For The Sentence Imposed</u>

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.  As alleged in the indictment, the instant offense was a long-running conspiracy to distribute heroin in East Los Angeles and beyond. Defendant participated in the offense on an on-going basis, delivering the drug to customers.  These facts demonstrate the seriousness of the offense, and the sentence imposed should be crafted to reflect that.  A five-year sentence, the longest defendant has served for a drug-related crime, will impose upon him the seriousness of his conduct.  The statutorily-mandated four-year period of supervised release is appropriate as a further deterrent to future crimes by defendant.

3.  <u>Need to Avoid Unwarranted Sentence Disparities</u>

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities.  Imposing a sentence at the mandatory minimum sentence will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  This sentence would be consistent with the sentences received by other co-defendants in this case who distributed similar amounts of heroin, such as Juan Lopez Garcia Hernandez, Judy Jaramillo, John Johnson, Gerard Manuel Venegas Portillo, and Randy Serpa.

**V.   CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 60 months of imprisonment, four years of supervised release on the terms set forth in the PSR, and a special assessment of $100.